Honorable L.L. "Doc" Bryan Arkansas House of Representatives 305 South Vancouver Russellville, AR 72801
Dear Representative Bryan:
This letter is in response to your request for an Attorney General's Opinion regarding the validity and constitutionality of the following section of Crawford County Ordinance No. 85-34:
 SECTION 9. Any landowner that has municipal sewer system waste applied to his property shall take whatever measures necessary to ensure that the odor of said application does not substantially interfere with the use and enjoyment of the property of another person.
 SECTION 10. Any person that has had municipal sewer system waste applied to his property and thereby creates a substantial interference with the use and enjoyment of the property of another person shall be guilty of a misdemeanor and upon first conviction shall be fined not less than $100.00 nor more than $500.00, and not less than $500.00 nor more than $1000.00 for any second or subsequent conviction occurring within one year of the first conviction. For purposes of this section, each day a violation occurs may be treated as a separate violation, and a fine levied accordingly.
It is my opinion that this ordinance is invalid because it attempts to regulate the control and abatement of air pollution, a field preempted by the State pursuant to statutory law. Ark. Stat. Ann. 82-1933 (Repl. 1976) contains the following pertinent definitions of terms relating to air pollution:
 (1) "Air contaminant" means any solid, liquid, gas or vapor or any combination thereof.
 (2) "Air pollution" means the presence in the outdoor atmosphere of one or more air contaminants in quantities, of characteristics and of a duration which are materially injurious or can be reasonably expected to become materially injurious to human, plant or animal life or to property or which unreasonably interfere with enjoyment of life of use of property, throughout the State or throughout such area of the State as shall be affected thereby. (emphasis added).
 (3) "Air contamination" means the presence in the outdoor atmosphere of one or more air contaminants which contribute to a condition of air pollution.
* * *
 (6) "Area of the State" means any city or county or portion thereof or other substantial geographical area of the State as may be designated by the Arkansas Pollution Control Commission.
As your letter correctly states, Ark. Stat. Ann. 82-1941 (Repl. 1976) grants exclusive jurisdiction in the area of air pollution control and abatement to the State, and preempts this field from local ordinance or control:
 In order to avoid conflicting and overlapping jurisdiction, it is the intention of this Act [82-1901 — 82-1909, 82-1931 — 82-1943] to occupy by preemption the field of control and abatement of air pollution and contamination and no political subdivision of the State shall henceforth enact or enforce laws, ordinances, resolution, rules or regulations in such field. Nothing herein shall be construed to prevent private actions under existing laws.
The County's attempt to regulate the emission of odors which interfere with the use and enjoyment of other parcels of property falls within the coverage of air pollution control and abatement included within the State Act. Therefore, the Ordinance violates the express preemption contained in 82-1941.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Jeffrey A. Bell.